PAUL YOUNG V. THE STATE.

No. 22480.  Delivered May 5, 1943.
On Motion to Reinstate Appeal June 23, 1943.

The opinion states the case.

*Cunningham & Boling*, of Lubbock, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

The unlawful sale of whisky in a dry area is the offense, the punishment, a fine of $100.00.

This cause has been heretofore affirmed by this court, there being no statement of facts found in the record, in the absence of which the exceptions to the court's charge could not be appraised.

A close inspection of the record fails to reveal any notice of appeal, without which we have no jurisdiction.

The former opinion is withdrawn, and this appeal is now dismissed.

## ON APPELLANT'S MOTION TO REINSTATE APPEAL AND MOTION FOR REHEARING.

DAVIDSON, Judge.

It now having been made to appear that notice of appeal was given in the trial court, the appeal is reinstated and the case is now before us upon appellant's motion for rehearing of our judgment of affirmance because of the absence of statement of facts and bills of exception.

Affidavits have been filed touching the question of appellant's failure to file statement of facts and bills of exception in the trial court—those for the appellant excusing and justifying such failure; those for the State showing that the failure to so file was the fault of the appellant and his counsel. It is unfortunate that an occasion such as the one here presented arises, whereby this court is called upon to determine disputed issues of fact, touching the preparation and filing of the record. In this case, however, we do not find it necessary to determine—nor do we, in the conclusion reached, determine—the fact questions presented by the affidavits so filed; because it is made to appear,

without dispute, that, after the trial of this case, and within the time allowed for the preparation and filing of the statement of facts and bills of exception, counsel for both the appellant and the State who tried the case were called into the armed forces of this country. The preparation, filing, and approval of the statement of facts and bills of exception, of necessity, rested, therefore, upon those who did not participate in the trial of the case. It is not unreasonable, under such circumstances, to presume that difficulty was encountered in agreeing upon the statement of facts and bills of exception in this case.

The right of appeal, where authorized, is a valuable right and should be denied only where the express mandate of the law so provides. The absence of statement of facts and bills of exception prevents a full review by this court of a conviction upon appeal. In determining whether or not an appellant has been unjustly deprived of statement of facts and bills of exception, the circumstances should be viewed from his standpoint.

Under all the facts and circumstances presented by the record before us, we have concluded that "equal justice under law" could not be preserved to this appellant by an affirmance of this case.

It follows, therefore, that the motion for rehearing should be granted, the judgment dismissing appeal is set aside, the judgment of the trial court reversed, and the cause remanded for a new trial. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.