Robert D. **LEMMONS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1025–90.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1991.

Joe Mike Egan, Jr., Kerrville, for appellant.

David Marshall Motley, County Atty., Kerrville, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

■ Pursuant to a plea bargain Appellant pled guilty to driving while intoxicated and the trial court sentenced him to 180 days in jail and a $300.00 fine. Finding the plea was "conditional," the court of appeals reversed and remanded for a new trial. *Lemmons v. State,* 796 S.W.2d 572 (Tex. App.—San Antonio 1990). We granted review to determine whether Tex.R.App.Pro. Rule 40(b)(1) precludes appeal from denial of pretrial motions prior to entry of a negotiated guilty plea in a misdemeanor case.

Appellant filed a motion to suppress evidence and argued the police lacked a legal basis to stop him. The trial court denied the motion. Appellant then pled guilty. In his only point of error on appeal appellant claimed the trial court erroneously denied his motion to suppress. *Sua sponte,* however, the court of appeals cited *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.1972), for the rule that a voluntary and knowing guilty plea waives nonjurisdictional defects. But the court also noted that the *Helms* rule does not apply under Tex.R.App.Pro. Rule 40(b)(1) if the plea was entered pursuant to Article 1.15, V.A.C.C.P., there was a plea bargain, and the error was raised in a written pretrial motion. The court concluded that since Article 1.15 refers only to a felony conviction, then a guilty or nolo contendere plea in a misdemeanor case

waives all nonjurisdictional errors under the *Helms* rule.

The State conceded on appeal and the record shows that the trial court and the parties understood that the guilty plea was conditioned on his reservation of his right to appeal the adverse suppression ruling. The court of appeals concluded that appellant involuntarily pled guilty, citing *Broddus v. State,* 693 S.W.2d 459 (Tex.Cr.App. 1985), and *Christal v. State,* 692 S.W.2d 656 (Tex.Cr.App.1985), and the case was remanded to the trial court for a new trial.

In his petition, appellant contends that to hold Rule 40(b)(1) applies only to felonies "wash[es] away all of the careful interpretation" of Article 44.02, V.A.C.C.P., partially repealed by Rule 40(b)(1).[1] Cases interpreting prior Article 44.02 permitted appeals in misdemeanor cases in which a defendant pleaded guilty, without waiving non-jurisdictional errors. See *Kraft v. State,* 762 S.W.2d 612 (Tex.Cr.App.1988), and *Isam v. State,* 582 S.W.2d 441 (Tex.Cr. App.1979). Appellant notes that in *Morgan v. State,* 688 S.W.2d 504 (Tex.Cr.App. 1985), this Court recognized that the Article 44.02 right to appeal encouraged guilty pleas when the only contested matter between the parties is some matter such as the lawfulness of a search or seizure, competency, or sufficiency of the indictment. The interpretation by the court of appeals, according to appellant, conflicts with reason and the historical legislative purpose of Article 44.02.

For its part, the State failed to reply to his petition for review and did not favor us with a brief. Without benefit of its views, we will examine those contentions in more depth.

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Article 44.02, V.A.C.C.P., as enacted in 1965; former article 813, C.C.P.1925. "An accused may appeal his case although he entered a plea of guilty." *Navarro v. State,* 141 Tex.Cr.R. 196, 147 S.W.2d 1081, at 1084 (1941); see, e.g., *Alonzo v. State,* 462 S.W.2d 602 (Tex.

---

1. Appellant filed a petition in this case even though he obtained a reversal from the Court of

Appeals ostensibly because he wants the merits of his suppression claim addressed.

Cr.App.1971); *Alexander v. State*, 163 Tex. Cr.R 53, 288 S.W.2d 779 (1956). "The right of appeal, where authorized, is a valuable right and should be denied only where the express mandate of the law so provides." *Young v. State*, 146 Tex.Cr.R. 220, 172 S.W.2d 500, at 501 (1943). "Every person who takes an appeal from a conviction in the county or district court over which [an appellate court] has been given jurisdiction is legally entitled to have his case reviewed." *Chumbley v. State*, 137 Tex. Cr.R. 491, 132 S.W.2d 417 (1939).

Appellate jurisdiction is invoked and appeal is perfected by giving notice of appeal pursuant to Article 44.08, V.A.C.C.P. (now Tex.R.App.Pro. Rule 40(b)(1)). *Carter v. State*, 656 S.W.2d 468, at 469 (Tex.Cr.App. 1983).

The Court initially imported a seedling of the so-called *"Helms rule"* into this state in *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr. App.1968) (opinion on rehearing), *viz:*

> "With reference to appellant's claim of deprivation of *federal* constitutional due process, attention is directed to *Bee v. Beto*, 384 F.2d 925 [CA5 1967], wherein the Fifth Circuit Court of Appeals held that a guilty plea entered by a Texas state defendant was *conclusive* as to the defendant's guilt, admitted all facts charged in the indictment and waived *all* nonjurisdiction defects, citing *White v. Beto*, 367 F.2d 557 [CA5 1966]; *Law v. Beto*, 370 F.2d 369 [CA5 1966] and *Haynes v. United States*, 372 F.2d 651 [CA5 1967]."

---

**2.** Even the *Hoskins* restatement of the federal rule is not entirely correct, however. *White v. Beto* and *Law v. Beto* made clear, as does *Busby v. Holman*, 356 F.2d 75 (CA5 1966), upon which *White* solely relies, that the "nonconstitutional defects" waived by a guilty plea in federal court are those "in the *prior* proceedings [against him]." *White*, at 556; *Law*, at 369; *Busby*, at 77. Thus, for example, defects in the plea hearing are not waived. See *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (plea waives independent claims of deprivation of rights that occurred "prior to the entry of the guilty plea," but not matters relating to voluntariness of the plea). Note also that since 1983, Fed.R.Crim.Pro. 11(a)(2) has provided for conditional pleas, reserving the right on appeal to review of adverse determinations of specified pretrial motions.

*Id.*, at 829–830.[2] For further developments, see *Dees v. State*, 676 S.W.2d 403 (Tex.Cr.App.1984) (Clinton, J., dissenting, at 406–497). The federal rule is, of course, at odds with decisions of this Court prior to *Hoskins*, see *ante*, and with the prohibition in Article 1.15, V.A.C.C.P., that "in no event shall a person be convicted [of a *felony* offense] upon his plea without sufficient evidence to support the same." *Ibid.*[3]. *Hoskins* and its progeny down through *Helms* dealt with felony offenses.

Then in *Utsman v. State*, 485 S.W.2d 573 (Tex.Cr.App.1972), the *"Helms rule"* was applied to a plea of guilty in a misdemeanor case. Moreover, the Court converted the rule to reject the "conditional plea" theory previously utilized in, e.g., *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App.1971) and *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr.App.1968). The *Utsman* court said, "To enter a plea of guilty one must waive such rights [to appeal adverse rulings]." And, instead of reversing the judgment and remanding the cause for a fresh plea, as in *Killebrew* and *Chavarria*, the Court held defendant waived his right to complain when he entered his plea of guilty, and affirmed the judgment of conviction. *Utsman v. State*, supra, at 574–575. See also *Salinas v. State*, 478 S.W.2d 538 (Tex.Cr.App.1972), a felony case to the same effect. Despite *Utsman*, however, the "conditional plea" notion remained viable, e.g., *Broddus v. State*, 693 S.W.2d 459 (Tex.Cr.App.1985); *Harrelson v. State*, 692 S.W.2d 659 (Tex.Cr.App.1985); *Christal v.*

---

All emphasis here and throughout is supplied by the writer of this opinion unless otherwise indicated.

**3.** In misdemeanor cases the doctrine of "conviction by plea" is a matter of state law, codified in Article 27.14(a), V.A.C.C.P. See, e.g., *Brown v. State*, 507 S.W.2d 235, at 238 (Tex.Cr.App.1974), *viz:*

> "It is well established under the statute and its forerunners that where the plea of guilty in a misdemeanor case is before the court the trial court is not required to hear evidence on a plea of guilty. [citations omitted]. It has been held that by such plea of guilty the defendant admits every element of the offense. [citation omitted]."

*State,* 692 S.W.2d 656 (Tex.Cr.App.1985)—albeit over outcry by our late Brother Teague in *Broddus,* at 461–462.

Contemporaneously, the Court and the Legislature were coming to grips with the reality of plea bargaining process in the wake of 1974 proceedings giving rise to *Gibson v. State,* 532 S.W.2d 69 (Tex.Cr. App.1975), cert. denied 429 U.S. 822, 97 S.Ct. 72, 50 L.Ed.2d 83 (1976), which no doubt inspired recurring revisions of preliminary admonishments for pleas of guilty and nolo contendere beginning in 1975. See Historical Note to Article 26.13, V.A.C.C.P. Presumptively aware of the *Helms* rule, by Acts 1977, 65th Leg., Ch. 351, p. 940, § 1, the Legislature also added a proviso to Article 44.02, *viz:*

"... provided, however, *before the defendant* who has been convicted upon either his plea of guilty or nolo contendere before the court and the court ... assesses punishment [which] does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney *may prosecute his appeal,* he must have permission of the court, except on those matters which have been raised by written motion filed prior to trial.  * * * *"

Then in Acts 1979, 66th Leg., Ch. 524, p. 1108, § 1, it inserted subdivision (a)(3) in Article 26.13, apparently to dovetail with the 1977 proviso to Article 44.02.

Reacting to those developments, in the felony case of *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), and the misdemeanor conviction in *Isam v. State,* 582 S.W.2d 441 (Tex.Cr.App.1979), the Court opined:

".... The legislature appears to have abrogated this [*Helms*] rule regarding the effect of a guilty plea in cases of plea bargains, as is its prerogative.... To this extent [pretrial motions] the amendment of Article 44.02 supercedes the prior case law as stated in *Helms,* supra."

*Id., Ferguson,* at 910; *Isam,* at 443, quoting *Ferguson.* Accordingly, the Court considered the points of error on appeal regarding motions to suppress in both *Ferguson* and *Isam.*[4] With that understanding of the impact the proviso made on the *Helms* rule, in *Martin v. State,* 652 S.W.2d 777, at 779 (Tex.Cr.App.1983), the Court unblocked the way to plenary review of speedy trial claims; it ultimately concluded that all pretrial claims could be considered on appeal, *viz:*

"Having thus encouraged pleas of guilty and *nolo contendere* in exchange for the right to appeal contested pretrial issues, the Legislature surely contemplated a meaningful appeal—one that addresses and decides each issue on the merits. The *Helms* rule of waiver barring review was superseded. *Ferguson,* supra, at 910. Without let or hindrance the 1977 amendment to Article 44.02 opened the previously closed way to appellate consideration of issues raised and contested before trial."

*Morgan v. State,* 688 S.W.2d 504, at 507 (Tex.Cr.App.1985).

Thus the Court accepted legislative abrogation of the *Helms* rule in plea bargain

---

**4.** In *Ferguson,* however, the Court did not address the merits because no evidence obtained as a result of the search was introduced at the plea hearing, defendant having made a judicial confession sufficient to sustain his guilty plea. Thus under *Stiggers v. State,* 506 S.W.2d 609, at 611 (Tex.Cr.App.1974), no error with respect to the search was presented for review. *Ferguson,* at 909, 910. N.B. That aspect of *Ferguson* was overruled in *Morgan v. State,* 688 S.W.2d 504, at 507 (Tex.Cr.App.1985), holding that a judicial confession does not bar an appellate court from reaching the merits of asserted pretrial error.

On the other hand, in *Isam,* because different rules apply to a guilty plea in misdemeanor cases, the Court cleared the way to address a similar error, *viz:*

"Because one purpose of Article 42.02, supra, is to encourage guilty pleas where a search and seizure (or other pretrial motion) is the only matter that the defendant wishes to pursue, we hold that the rule quoted above from *Brown v. State* [see n. 3, *ante*], does not apply to an appeal from a misdemeanor guilty plea that challenges the ruling on such a pretrial motion. Accordingly, we hold that appellants may challenge the adverse ruling on their motions to suppress even though they subsequently entered guilty pleas to the misdemeanor charges against them."

*Id.,* at 443, 444.

cases, and for all intents and purposes finally interred it. See, e.g., *Kraft v. State,* 762 S.W.2d 612 (Tex.Cr.App.1988). Being committed to that proposition, the Court was not disposed to resurrect the *Helms* rule once the Legislature granted it power to adopt and promulgate rules of appellate procedure by Acts 1985, 69th Leg., Ch. 685, p. 2472, § 1, effective August 26, 1985.[5] Indeed, the grant itself proscribes rules that "abridge, enlarge, or modify the substantive rights of a litigant," *id.,* § 1, and the right of appeal surely qualifies. Article 44.02; see also Article 44.07 and, e.g., Article 42.12, § 26(b), V.A.C.C.P.

Nonetheless, as the opinion of the court of appeals demonstrates, there are conflicting views among courts below concerning the effect of the "but" clause in our Tex. R.App.Pro. Rule 40(b)(1). See *Lemmons v. State,* supra, at 573; see also *Dodds v. State,* 801 S.W.2d 210 (Tex.App.—San Antonio 1990), no PDR history; *Studer v. State,* 757 S.W.2d 107, at 109, n. 1 (Tex. App.—Dallas 1988), PDR granted on other grounds.

■ Although authorized to do so in § 4(b) of the original act, the Court did not repeal the basic right of appeal in Article 44.02, *viz:* "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Nor did it touch any statutory provision vouchsafing the right of appeal, see *ante.* The Court did repeal the proviso in Article 44.02, which had been construed to abrogate or "repeal" the *Helms* rule. But that action by the Court was not intended to and did not have the effect of reviving the *Helms* rule. See and compare V.T.C.A. Government Code, § 311.030. We acted on the assumption that the body of caselaw construing the proviso would prevail and still control. So, Rule 40(b)(1) was designed to focus on *"how"* an appeal is perfected rather than to bestow any right of appeal, which this Court lacks power to provide in the first instance.

■ Thus in pertinent part the rule reads:

"(1) Appeal is perfected in a criminal case by giving notice of appeal.... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but* if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea* the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State."

Coupled with retained statutory provisions granting a right to appeal under prescribed rules "in any criminal action," the thrust of the rule is to instruct that an appeal is perfected by giving written notice to invoke

---

5. In pertinent part the original act provided:
 "Section 1, RULES OF APPELLATE PROCEDURE IN CRIMINAL CASES. Articles of the Code of Criminal Procedure, 1965, that govern posttrial appellate and review procedure in criminal cases are hereby repealed pursuant to Section 4 of this Act. The court of criminal appeals is granted power to promulgate rules of posttrial, appellate and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant."

Section 4 conditioned repeal of certain prescribed articles, including Article 44.02, upon the Court promulgating a comprehensive body of rules on or before January 1, 1986.

The Act was first codified as Article 1811f, V.A.C.S. Essential sections were later transferred to the Government Code, § 22.108 (appellate procedure) and 22.109 (evidence), and accordingly §§ 1–7 were repealed. See Acts 1987, 70th Leg., Ch. 148, § 2.04(a), effective September 1, 1987.

general appellate jurisdiction of the appropriate court of appeals.[6] Because the Court held in, e.g., *Isam v. State*, supra, that "different rules apply to the guilty plea [in misdemeanor cases]," the rule subjected only pleas in felony cases to the particularized "extra notice" requirement. See *Yates v. State*, 759 S.W.2d 949 (Tex. App.—Dallas 1988), no PDR history. That such "notice" is pretermitted in misdemeanor cases means the customary written notice of appeal is sufficient to invoke appellate jurisdiction of the court. *Isam v. State*, supra, at 444; cf. *Padgett v. State*, 764 S.W.2d 239 (Tex.Cr.App.1989).

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for consideration of the single point of error and for further proceedings not inconsistent with this opinion.[7]

CAMPBELL, J., concurs in the result.

6. Rule 41(b)(1) specifies *"when"* an appeal is perfected by appellant, i.e., filing notice of appeal within thirty days after the prescribed event except when a motion for new trial is filed.

Traditional practice in criminal cases was to give notice of appeal orally in open court. See Historical Note to former article 44.08, V.A.C.C.P. The 1965 revision provided an alternative of filing written notice with the clerk. However, an appellate court was not officially aware of an appeal until it received and examined the appellate record to determine whether there was sufficient showing that notice of appeal was duly given. See article 44.08(a) and (d).

One function of these rules is to provide timely advance notice to the appellate court that an appeal has been perfected, enabling it to anticipate its prospective felony caseload for internal planning purposes.

Thus the "but" clause in Rule 40(b)(1) is not a *jurisdictional* prerequisite. *Jones v. State*, 796 S.W.2d 183, at 186 (Tex.Cr.App.1990).

7. We recognize and acknowledge that the *Helms* rule is the source of "the long smoldering conflict between the cases dealing with the right to appeal the rulings on pre-trial motions under Article 44.02." *Morgan v. State*, 688 S.W.2d 504 (Tex.Cr.App.1985) (Onion, P.J., dissenting at 508).

Judicially started by a spark to draw attention to a federal rule laid down in a disparate federal context, *Hoskins* supra, and soon fanned by *Helms*, supra, both without explication and contrary to Texas law in the premises, the fire spread until doused somewhat by water of plea bargaining from legislative hoses, *Ferguson* and *Isam*, both supra; *Prochaska v. State*, 587 S.W.2d 726, at 728–729 (Tex.Cr.App.1979), followed by "the long smoldering conflict." See, e.g., *Craven v. State*, 613 S.W.2d 488, at 490, n. 9 (Tex.Cr.App.1981) (inviting legislative attention to paradox created by proviso), overruled by *Jeffers v. State*, 646 S.W.2d 185, at 189 (Tex.Cr. App.1981); *Martin v. State*, 652 S.W.2d 777 (Tex. Cr.App.1983) (pleas by the State for exceptions to permit plenary review); *Dees v. State*, 676 S.W.2d 403 (Tex.Cr.App.1984) (a two judge opinion, three concurring in result; three dissenting without opinion; one dissenting with opinion); *Morris v. State*, 749 S.W.2d 772 (Tex.Cr.App. 1985); *Morgan v. State*, supra, in which the Court forged a theory to allow a meaningful appeal, *viz:*

"To be sure, some appellants have 'successfully navigated the procedurally hazardous passageway of Article 44.02,' [citations omitted], but most have failed to steer clear of rocks and shoals, e.g., *Brewster v. State*, 606 S.W.2d 325, 328 (Tex.Cr.App.1980), and *Haney [v. State ]*, supra [588 S.W.2d 913, 914–915 (Tex.Cr.App.1979) ]. The principal hazard is the judicial confession: applying the *Stiggers* [506 S.W.2d 609, 611] formulation when the guilty plea is supported by a written judicial confession or admission in open court substantially vitiates the amendment [to Article 44.02]. When made, the confession or admission is a necessary and concomitant part of the whole ritual of the guilty plea trial. [note omitted]. Just as the plea itself no longer waives the right to complain of pretrial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint. To this extent, then, *Ferguson* and its progeny including *Haney* are overruled."

*Id.*, at 507.

Quite understandably, Presiding Judge Onion dissented at length, thoroughly exploring all developments impelling the Court to take what may appear to be a paradoxical position. In the end he came to the core of the controversy, *viz:*

"What the majority is saying is that if the appellate court finds the trial court erred in his pretrial ruling, the cause is reversed despite the guilty plea and despite the judicial confession freely and voluntarily given so as to be admissible in evidence. So if the Constable blunders, there must be a new trial or perhaps the defendant even goes free despite the fact that he confessed the crime in open court."

*Id.*, at 524.

The genesis of all the "smoldering" is "the prior case law as stated in *Helms,* supra," *Ferguson,* at 910. As this writer pointed out in *Dees v. State,* supra:

"... That neither Chapter 44 nor any article of the Code of Criminal Procedure provided authority or support for that case law was ever noticed by the Court[.] That which the Court merely 'called attention to' offhandedly in *Hoskins* was soon given the status of a rule in Texas [by the Court], though never sanctioned by our Legislature. [note omitted]."

*Id.,* at 407. What the Court mistakenly created, it can abolish. *Chambers v. State,* 711 S.W.2d 240, at 245–247 (Tex.Cr.App.1986) (probative value of unobjected hearsay); *Hankins v. State,* 646 S.W.2d 191, at 197 ff (Tex.Cr.App.1983) (circumstantial evidence charge); *Ex parte McWilliams,* 634 S.W.2d 815, at 822 ff (Tex.Cr.App. 1982) (carving doctrine).

Experience since *Hoskins* teaches that the *Helms* rule was ill-suited for guilty pleas in Texas practice then extant, particularly under strictures of Article 1.15, V.A.C.C.P. See generally *Thornton v. State,* 601 S.W.2d 340, at 345–348 (Tex.Cr.App.1980). In the days of *Hoskins* et al. "participants in the criminal justice system pretended such a thing [as plea bargaining] never occurred and rarely acknowledged the existence of one." *Prochaska v. State* supra, at 728. But since 1977 "the process is not only admitted but encouraged by just such procedures legislatively established in the Article 44.02 proviso." *Ibid.* With statutory sanction of the plea bargain agreement came more stressful tension between that proviso and the *Helms* rule. The Court found itself forced to engage in amiable fictions to accommodate the right of appeal in the face of the *Helms* rule of waiver by plea of guilty and *nolo contendere.*

Accordingly, to extinguish finally and completely "the long smoldering conflict" resulting in a complexity of situations, and to dispel copious confusion among bench and bar, were this a felony case we would seriously consider abandoning the *Helms* rule and its impedimenta in favor of the unadulterated right of appeal granted by the Legislature in the Code of Criminal Procedure and elsewhere. Just now, however, we reserve that proposition for another day.