Marriott v. state 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-174-CR

     WILLIAM CLAYTON MARRIOTT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Robertson County, Texas
Trial Court # 90-259CR
                                                                                                    

O P I N I O N
                                                                                                    

            William Marriott was charged by information with the misdemeanor offense of driving
while intoxicated. He filed a pre-trial motion to suppress the arrest, which the court denied. 
Then, under a plea agreement and after securing the court's permission to appeal the denial of the
motion to suppress, Marriott pled guilty. The court assessed punishment at a $500 fine and
seventy-two hours in jail. We affirm. 
      Marriott complains in point one that the court erred in denying his motion to suppress the
arrest. His entire argument under the point, however, is that the court should have suppressed
evidence of his arrest because the State failed to introduce sufficient evidence to establish the
elements of the offense. In support of his argument, he cites several cases that correctly set forth
the requisite elements and evidence necessary to establish driving while intoxicated. See Ballard
v. State, 757 S.W.2d 389, 391 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd); Weaver v. State,
721 S.W.2d 495, 498 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd); Coleman v. State, 704
S.W.2d 511 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). However, sufficiency of the
evidence to convict is not properly an issue at a hearing on a motion to suppress. Mayfield v.
State, 800 S.W.2d 932, 935 (Tex. App.—San Antonio 1990, no pet.) (holding that a motion to
suppress evidence is nothing more than a specialized objection to the admissibility of evidence). 
      To justify an arrest, the state is not required to prove the elements of the crime, but must
show only that probable cause existed to make the arrest. Johnson v. State, 633 S.W.2d 687, 690 
(Tex. App.—Amarillo 1982, pet. ref'd.). The constitutional test for probable cause is whether,
at the instant of arrest, the facts and circumstances within the officer's knowledge and of which
he has reasonably trustworthy information warrant belief by a reasonably prudent person that a
crime has been or is being committed by the arrestee. Dotsey v. State, 630 S.W.2d 343, 347
(Tex. App.—Austin 1982, no pet.). 
      On the evening of May 12, 1990, Officer Bancroft responded to an accident report. Upon
arriving at the scene, he saw a white truck, owned by Marriott, pointing north-bound in the south-bound outside lane of traffic, apparently trying to pull out. He approached the truck and asked
Marriott if he was driving at the time of the accident. Marriott responded "yes." At that time,
Bancroft noticed that Marriott's eyes were red and "glassy" and that his breath smelled of alcohol. 
When questioned, Marriott admitted to having consumed two beers.
      Officer Bancroft asked Marriott to perform certain field sobriety tests. Marriott's poor
performance led the officer to believe that he was intoxicated. Marriott was subsequently arrested.
      The trial court could have reasonably found and concluded from the evidence that Officer
Bancroft had probable cause to arrest Marriott. Although Bancroft's initial focus was to obtain
information at the scene of an accident, he became suspicious of Marriott's behavior after he
noticed the smell of alcohol on his breath. Marriott's admission that he had been drinking,
coupled with his performance on the sobriety tests, would lead a reasonably prudent person to
believe that an offense had been committed. Point one is overruled. 
       Marriott contends in point two that his plea was involuntary. He relies on Lemmons v. State,
796 S.W.2d 572 (Tex. App.—San Antonio 1990), reversed, 818 S.W.2d 58 (Tex. Crim. App.
1991), and Collins v. State, 795 S.W.2d 777 (Tex. App.—Austin 1990, no pet.). Since Marriott's
brief was filed, the Court of Criminal Appeals reversed Lemmons and disapproved of the analysis
used in that decision and in similar cases. See Lemmons v. State, 818 S.W.2d 58 (Tex. Crim.
App. 1991). 
      Marriott signed a waiver of his rights and a stipulation of evidence, both of which the court
approved. This complied with article 1.15. See Tex. Code Crim. Proc. Ann. art. 1.15. 
Marriott's plea was not entered involuntarily. See Lemmons, 818 S.W.2d at 62. Point two
overruled and the judgement is affirmed. 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas, 
          Justice Cummings, and 
          Justice Vance 
Affirmed
Opinion delivered and filed June 17, 1992
Do not publish