IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-277-CR





VENANCIO ORTIZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 378,158, HONORABLE DAVID PURYEAR, JUDGE PRESIDING


 





PER CURIAM

 After hearing appellant's plea of no contest, the county court at law found him
guilty of driving while intoxicated, first offense. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West
Supp. 1993). Pursuant to a plea bargain agreement, the court assessed punishment at
incarceration for 120 days and a $2000 fine, probated. In two points of error, appellant urges that
the court erred by overruling his pretrial motion to suppress evidence. See Lemmons v. State, 818
S.W.2d 58 (Tex. Crim. App. 1991).

 On the night of July 27, 1992, Austin police officer Katrina Pruitt was on patrol
when her attention was drawn to an automobile driven by appellant. Appellant was driving on
East Seventh Street at an unusually slow speed, twenty miles-per-hour in a thirty-five miles-per-hour zone. The officer began to follow appellant's car in her patrol vehicle, noticing as she did
that one of his tail lights was not functioning. Pruitt ran a check of appellant's license plate
number. The computer indicated that the vehicle had last been registered for 1992, but the car
displayed a 1993 registration sticker. 

 After following appellant for approximately fourteen blocks, Pruitt stopped
appellant on the frontage road of Interstate 35. When she approached appellant, the officer
smelled the strong odor of an alcoholic beverage and saw that his eyes were glassy and red. After
appellant got out of his car, Pruitt administered several field sobriety tests. Based on his
performance on these tests and her other observations, the officer arrested appellant for driving
while intoxicated.

 In his first point of error, appellant contends the stop violated the Fourth
Amendment of the United States Constitution because the officer did not have a reasonable
suspicion that appellant was engaged in criminal activity. Appellant notes that when Pruitt was
asked why she stopped appellant's car, she replied, "The reason I stopped him is because of his
driving. The reason I pulled up behind him was because of his speed, and then I ran the plates
and it didn't correlate so I started following him and his driving was --." Asked what was wrong
with appellant's speed, the officer stated, "It wasn't -- How do you explain it? It's one of the
things that you look at when you are looking at a vehicle to see if it's an intoxicated vehicle. It's
not driving normally." Appellant argues that this testimony demonstrates that the officer stopped
him on the basis of an inarticulate hunch that he might be intoxicated. 

 A police officer may detain a person for investigation if, based on the totality of
the circumstances, the officer has a particularized and objective basis for suspecting the person
detained of criminal activity. United States v. Cortez, 449 U.S. 411 (1981). To justify such a
detention, a police officer must have specific articulable facts which, in light of the officer's
experience and personal knowledge, together with other inferences from those facts, reasonably
warrant the intrusion on the freedom of the person detained. Johnson v. State, 658 S.W.2d 623,
626 (Tex. Crim. App. 1983). 

 Contrary to appellant's argument under this point of error, we do not believe that
Pruitt's testimony, taken as a whole, establishes that she stopped appellant solely "because of his
driving." Further, we do not agree with appellant's assertion that when determining the legality
of a temporary detention on less than probable cause, the appellate court must consider only the
officer's subjective, stated reason for the stop. Cortez teaches that the court must consider the
totality of the circumstances, and must determine if there is an objective basis for the stop. Before
stopping appellant, Pruitt observed at least one equipment violation, the broken tail light. She also
knew that there was a discrepancy between the registration tab displayed on appellant's car and
the computer records. We conclude that these facts reasonably warranted the officer's stop of
appellant for further investigation. Point of error one is overruled.

 In his second point of error, appellant argues that the stop cannot be upheld on
the basis of the observed equipment violation and the registration discrepancy because, under
Article I, Section 9 of the Texas Constitution, these facts were merely a pretext by which Pruitt
stopped appellant to investigate her suspicion that he was intoxicated. See Hamilton v. State, 831
S.W.2d 326, 330 (Tex. Crim. App. 1992) (whether pretext arrest doctrine survives under Texas
Constitution remains open question). We decline to address this contention because it was not
preserved for review.

 In his motion to suppress evidence, appellant urged, among other things, that the
stop was a pretext to secure evidence of an offense for which the officer did not have probable
cause to arrest. Appellant did not, however, urge this contention at the hearing on the motion. 
To the contrary, counsel for appellant stated, "I'd like to change my motion to suppress and argue
that there was insufficient grounds to detain the defendant in the first place. . . . Knowing that
the officer followed my client for several blocks and based on her testimony, I don't believe that
there was sufficient evidence to actually stop him and detain him." Clearly, appellant waived any
contention that the stop was an unlawful pretext to investigate appellant's possible intoxication. 
The second point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: September 22, 1993

[Do Not Publish]