IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-156-CR





TONY ANTHONY BROWN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, 



NO. 2C93-4957, HONORABLE JOHN BARINA, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from a judgment of conviction for the misdemeanor offense of
driving while intoxicated. Act of May 27, 1983, 68th Leg. R.S., ch. 303, § 3, 1983 Tex. Gen.
Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (c), since amended and codified at
Tex. Penal Code Ann. § 49.04). The punishment is incarceration for ninety days and a $400 fine,
probated.

 On the day set for jury trial, appellant filed a motion to suppress the result of his
breath test. The one page statement of facts reflects that the motion was presented to the court
and overruled without evidence being offered. After the motion was overruled, appellant waived
trial by jury and pleaded guilty pursuant to a plea bargain agreement. See Lemmons v. State, 818
S.W.2d 58 (Tex. Crim. App. 1991). Appellant's only point of error complains of the overruling
of the motion to suppress.

 Appellant claims that the breath test result was irrelevant and thus inadmissible
because the State had no "extrapolation facts" to relate the result of the breath test to the time of
vehicle operation. By this, we understand appellant to argue that the State could not prove that
the result of the breath test accurately reflected appellant's alcohol concentration at the time he
was driving.

 Obviously, evidence of the defendant's alcohol concentration as measured by a
chemical breath test has a tendency to make the existence of a fact of consequence to the
determination of a prosecution for driving while intoxicated more or less probable than it would
be without the evidence. Tex. R. Crim. Evid. 401. Hence, appellant's breath test result was
relevant in this cause and the trial court did not err by overruling his contention to the contrary. 
Appellant's argument regarding the absence of "extrapolation facts" does not speak to the
relevance of the breath test result but to the sufficiency of the State's evidence. The sufficiency
of the available evidence cannot be challenged in advance of trial in the guise of a motion to
suppress. Whether the State could have proved appellant's guilt beyond a reasonable doubt is a
moot point in light of the guilty plea.

 Appellant also argues that the State did not lay the predicate for the admission of
novel scientific evidence, which appellant asserts now governs the admission of breath test results. 
See Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992); Tex. R. Crim. Evid. 702. Contrary
to appellant's argument, the administration of breath tests and the admissibility of the results of
such tests are governed by statute. Tex. Rev. Civ. Stat. Ann. art. 6701l-5 (West Supp. 1994). 
There is no evidence that the test of appellant's breath was improperly conducted.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 23, 1994

Do Not Publish