TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00642-CR






Harriet Kole, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 494,170, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







Appellant Harriet Kole pleaded no contest to an information accusing her of driving
while intoxicated. (1) The county court at law adjudged her guilty and assessed punishment at
incarceration for 120 days and a $500 fine. See Tex. Penal Code Ann. § 49.04 (West 1994 &
Supp. 1999). Appellant contends the court erred by overruling her pretrial motion to suppress
evidence and by overruling her motion for new trial without a hearing. We will affirm.

Appellant refused to submit a sample of her breath or blood following her arrest
for driving while intoxicated. Accordingly, the Department of Public Safety suspended her
driver's license. See Tex. Transp. Code Ann. § 724.035 (West 1999). Appellant appealed the
suspension. Id. § 724.041. At the ensuing hearing, the administrative law judge found that the
arresting officer did not have reasonable suspicion to stop appellant and ordered the reinstatement
of her license. See id. § 724.042(1), .043(b). Appellant contends the State was collaterally
estopped from relitigating the reasonable suspicion issue at her subsequent trial for driving while
intoxicated, and therefore the county court at law should have granted her motion to suppress
evidence obtained as a result of the stop.

A prosecution for driving while intoxicated following an administrative driver's
license suspension proceeding does not constitute a "successive criminal prosecution" or carry the
possibility of "multiple criminal punishments," and therefore does not implicate the Fifth
Amendment double jeopardy guarantee. See Reynolds v. State, No. 897-98, slip. op. at 17, 22-23
(Tex. Crim. App. Sep. 11, 1999); Ex parte Tharp, 935 S.W.2d 157, 161 (Tex. Crim. App.
1996). For this reason, appellant cannot invoke the collateral estoppel component of the Fifth
Amendment identified in Ashe v. Swenson, 397 U.S. 436 (1970). See Reynolds, slip op. at 17,
24. Appellant may not invoke the common law collateral estoppel doctrine because the legislature
has declared it to be inapplicable to a criminal prosecution following an administrative license
suspension proceeding. See Tex. Transp. Code Ann. § 724.048(a) (West 1999); see also
Reynolds (Meyers, J., dissenting, slip op. at 12-13). Issue two is overruled.

Appellant filed a motion for new trial asserting that she "is actually innocent of this
offense." Attached to the motion were affidavits from two persons who were with appellant on
the night in question stating that appellant did not appear to be intoxicated. The motion was
overruled without a hearing. Appellant complains that she was entitled to a hearing because her
motion raised matters extrinsic to the record. See Reyes v. State, 849 S.W.2d 812, 816 (Tex.
Crim. App. 1993).

The State urges that this issue was not preserved for review because appellant's
notice of appeal does not recite that she has the trial court's permission to appeal. See Tex. R.
App. P. 25.2(b)(3)(C). Rule 25.2(b)(3) applies only when the defendant pleads guilty or no
contest under Code of Criminal Procedure article 1.15. See Tex. Code Crim. Proc. art. 1.15
(West Supp. 1999). By its terms, article 1.15 applies only to felony prosecutions. Thus, rule
25.2(b)(3) does not govern an appeal from a misdemeanor conviction. See Lemmons v. State, 818
S.W.2d 58, 63 (Tex. Crim. App. 1991) (interpreting substantially similar predecessor rule). The
issue is properly before us.

Appellant's "actual innocence" claim was, in effect, a claim of newly discovered
evidence. See Tex. Code Crim. Proc. art. 40.001 (West Supp. 1999); see also State ex rel.
Holmes v. Third Court of Appeals, 885 S.W.2d 389, 398 (Tex. Crim. App. 1994) (due process
"actual innocence" claim must be based on newly discovered evidence). Appellant did not and
could not contend in her motion for new trial that the two affiants were not known to her before
trial. See Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994) (newly discovered
evidence must be unknown to movant at time of trial). Because the motion and supporting
affidavits were not sufficient to put the court on notice that a reasonable ground for new trial
existed, the court did not err by overruling the motion without a hearing. See Hernandez v. State,
952 S.W.2d 59, 74 (Tex. App.--Austin 1997), vacated and remanded on other grounds, 957
S.W.2d 851, 852 (Tex. Crim. App. 1998). Issue one is overruled.

The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: October 7, 1999

Do Not Publish

1. The judgment of conviction states that appellant's name is Harriet Kole. Other documents
in the record refer to appellant as Harriet Hartley or Harriet Hartley Kole.


ant contends the court erred by overruling her pretrial motion to suppress
evidence and by overruling her motion for new trial without a hearing. We will affirm.

Appellant refused to submit a sample of her breath or blood following her arrest
for driving while intoxicated. Accordingly, the Department of Public Safety suspended her
driver's license. See Tex. Transp. Code Ann. § 724.035 (West 1999). Appellant appealed the
suspension. Id. § 724.041. At the ensuing hearing, the administrative law judge found that the
arresting officer did not have reasonable suspicion to stop appellant and ordered the reinstatement
of her license. See id. § 724.042(1), .043(b). Appellant contends the State was collaterally
estopped from relitigating the reasonable suspicion issue at her subsequent trial for driving while
intoxicated, and therefore the county court at law should have granted her motion to suppress
evidence obtained as a result of the stop.

A prosecution for driving while intoxicated following an administrative driver's
license suspension proceeding does not constitute a "successive criminal prosecution" or carry the
possibility of "multiple criminal punishments," and therefore does not implicate the Fifth
Amendment double jeopardy guarantee. See Reynolds v. State, No. 897-98, slip. op. at 17, 22-23
(Tex. Crim. App. Sep. 11, 1999); Ex parte Tharp, 935 S.W.2d 157, 161 (Tex. Crim. App.
1996). For this reason, appellant cannot invoke the collateral estoppel component of the Fifth
Amendment identified in Ashe v. Swenson, 397 U.S. 436 (1970). See Reynolds, slip op. at 17,
24. Appellant may not invoke the common law collateral estoppel doctrine because the legislature
has declared it to be inapplicable to a criminal prosecution following an administrative license
suspension proceeding. See Tex. Transp. Code Ann. § 724.048(a) (West 1999); see also
Reynolds (Meyers, J., dissenting, slip op. at 12-13). Issue two is overruled.

Appellant filed a motion for new trial asserting that she "is actually innocent of this
offense." Attached to the motion were affidavits from two persons who were with appellant on
the night in question stating that appellant did not appear to be intoxicated. The motion was
overruled without a hearing. Appellant complains that she was entitled to a hearing because her
motion raised matters extrinsic to the record. See Reyes v. State, 849 S.W.2d 812, 816 (Tex.
Crim. App. 1993).

The State urges that this issue was not preserved for review because appellant's
notice of appeal does not recite that she has the trial court's permission to appeal. See Tex. R.
App. P. 25.2(b)(3)(C). Rule 25.2(b)(3) applies only when the defendant pleads guilty or no
contest under Code of Criminal Procedure article 1.15. See Tex. Code Crim. Proc. art. 1.15
(West Supp. 1999). By its terms, article 1.15 applies only to felony prosecutions. Thus, rule
25.2(b)(3) does not govern an appeal from a misdemeanor conviction. See Lemmons v. State, 818
S.W.2d 58, 63 (Tex. Crim. App. 1991) (interpreting substantially similar predecessor rule). The
issue is properly before us.