NUMBER
13-01-512-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

FREDERICK O=NEAL
SCOTT,                                                Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

       On appeal from the 24th District Court of
DeWitt County, Texas.

 

 

                                      OPINION

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 








Appellant, Frederick O=Neal Scott, pled guilty
to the third degree felony offense of deadly conduct[1]
on September 1, 1998.  The trial court
deferred a finding of guilt according to the plea bargain and appellant was
sentenced to seven years community supervision with a $2,000 fine.  On June 28, 2001, upon the State=s motion to adjudicate
guilt and petition for revocation of probated sentence, the trial court heard
the evidence and entered a finding of guilty with a further finding that a
deadly weapon was used in the commission of the offense.  The trial court sentenced appellant to ten
years confinement.  By two points of
error, appellant contends:  (1) the court
did not have jurisdiction over the appellant; 
and (2) the trial court erred, at the hearing to adjudicate guilt, in
failing to submit the issue of competency before a jury.  We dismiss the appeal for want of
jurisdiction.

Appellant=s general notice of
appeal failed to adhere to the requirements of appellate rule 25.2(b)(3).  Tex.
R. App. P. 25.2(b)(3) (providing that in appeal from negotiated plea,
notice must specify that appeal is for jurisdictional defect, that substance of
appeal was raised by written motion and ruled on before trial, or that trial
court granted permission to appeal).

Appellate Jurisdiction

Jurisdiction
refers to the power of a court to hear and decide a case.  State v. Riewe, 13 S.W.3d 408, 410
(Tex. Crim. App. 2000);  Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Appellate jurisdiction is invoked with a
timely and proper notice of appeal.  White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001);  Lemmons v. State, 818 S.W.2d 58, 60
(Tex. Crim. App. 1991).  Dismissal of an
issue or the entire matter is appropriate unless the form of the notice of
appeal is proper to perfect appeal as to the issue or matter.  White, 61 S.W.3d at 428.

Rule 25.2 of
the rules of appellate procedure governing perfection of an appeal in a
criminal case provides, in part:








25.2 Criminal
Cases.

(a) Perfection
of Appeal.  In a criminal case,
appeal is perfected by timely filing a notice of appeal.  In a death penalty case, however, it is
unnecessary to file a notice of appeal.

 

(b) Form and
Sufficiency of Notice.

(1) Notice must
be given in writing and filed with the trial court clerk.

 

(2) Notice is
sufficient if it shows the party=s desire to
appeal from the judgment or other appealable order, and, if the State is the
appellant, the notice complies with Code of Criminal Procedure article 44.01.

 

(3) But if the
appeal is from a judgment rendered on the defendant=s plea of
guilty or nolo contendere under Code of Criminal Procedure article 1.15, and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the notice must:

 

(A)
specify that the appeal is for a jurisdictional defect;

(B) specify
that the substance of the appeal was raised by written motion and ruled on
before trial;  or

 

(C) state
that the trial court granted permission to appeal.

 

Tex. R. App. P. 25.2(a), (b) (emphasis added).

As a procedural
matter, to invoke an appellate court=s jurisdiction
over an appeal from a negotiated guilty plea, a notice of appeal must comply
with the mandatory notice requirements of rule 25.2(b)(3).  Tex.
R. App. P. 25.2(b)(3);  White,
61 S.W.3d at 429.  Furthermore, the
requirements apply to appeals from a judgment adjudicating guilt when the
parties agreed to deferred adjudication community supervision according to a
plea bargain at the original plea proceeding, unless the appellant raises
issues unrelated to his conviction.  Tex. R. App. P. 25.2(b)(3); Woods v.
State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002);  Vidaurri v. State, 49 S.W.3d 880, 885
(Tex. Crim. App. 2001).








The notice of
appeal filed by appellant was defective as it fails to specify any of the three
conditions that would grant this Court jurisdiction.  Because appellant=s notice of
appeal does not satisfy rule 25.2(b)(3), his notice fails to confer
jurisdiction on this Court.  Absent
appellate jurisdiction, we can take no action other than to dismiss this
appeal.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Accordingly, we dismiss the appeal for want of jurisdiction.  Tex.
R. App. P. 43.2(f).

 

                                                               
                                                      

LINDA REYNA
YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

22nd day of August, 2002.

 











[1]Tex. Pen. Code Ann. ' 22.05
(Vernon 1994).