NUMBER
13-01-357-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

JEFFERY CHANDLER,                                                  Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

    On appeal from the 107th District Court
of Cameron County, Texas.

 

                                   O P I N I O N

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez                                                                  

 








By four points
of error, Jeffery Chandler appeals his sentence of eight years confinement for
felony theft,[1]
enhanced to a felony of the second degree.[2]  We dismiss the appeal for want of jurisdiction.

On April 30,
2001, the State offered appellant a plea agreement wherein appellant would
serve a term of eight years in jail, running concurrently with any other
sentence, and other misdemeanor offenses would be dismissed.  That same day, appellant signed the plea, and
the trial court entered judgment in accordance with the agreement.  Appellant=s pro se notice of appeal was received on
May 15, and he was appointed an appellate attorney on May 17.

Appellant
advances four points of error concerning article 32A.02 of the Texas Code of
Criminal Procedure, known as the Speedy Trial Act.  However, we cannot rule on this case because
appellant=s general notice of
appeal failed to adhere to the requirements of appellate rule 25.2(b)(3).  Tex.
R. App. P. 25.2(b)(3) (providing that in appeal from negotiated plea,
notice must specify that appeal is for jurisdictional defect, that substance of
appeal was raised by written motion and ruled on before trial, or that trial
court granted permission to appeal).

Appellate Jurisdiction

Jurisdiction
refers to the power of a court to hear and decide a case.  See State v. Riewe, 13 S.W.3d 408, 410
(Tex. Crim. App. 2000);  Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Appellate jurisdiction is invoked with a
timely and proper notice of appeal.  See
White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001);  Lemmons v. State, 818 S.W.2d 58, 60
(Tex. Crim. App. 1991).  Dismissal of an
issue or the entire matter is appropriate unless the form of the notice of appeal
is proper to perfect appeal as to the issue or matter.  See White, 61 S.W.3d at 428.








Rule 25.2 of
the rules of appellate procedure governing perfection of an appeal in a
criminal case provides, in part:

25.2 Criminal
Cases.

(a) Perfection
of Appeal.  In a criminal case,
appeal is perfected by timely filing a notice of appeal.  In a death penalty case, however, it is
unnecessary to file a notice of appeal.

 

(b) Form and
Sufficiency of Notice.

(1) Notice must
be given in writing and filed with the trial court clerk.

 

(2) Notice is
sufficient if it shows that the party=s desire to
appeal from the judgment or other appealable order, and, if the State is the
appellant, the notice complies with Code of Criminal Procedure article 44.01.

 

(3) But if the
appeal is from a judgment rendered on the defendant=s plea of
guilty or nolo contendere under Code of Criminal Procedure article 1.15, and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the notice must:

 

(A) specify
that the appeal is for a jurisdictional defect;

 

(B) specify
that the substance of the appeal was raised by written motion and ruled on
before trial;  or

 

(C) state
that the trial court granted permission to appeal.

 

Tex. R. App. P. 25.2(a), (b) (emphasis added).








As a procedural
matter, to invoke an appellate court=s jurisdiction
over an appeal from a negotiated guilty plea, a notice of appeal must comply
with the mandatory notice requirements of rule 25.2(b)(3).  See Tex.
R. App. P. 25.2(b)(3);  White,
61 S.W.3d at 429.  Assuming, without
holding, that appellant=s invocation of
a speedy trial violation is the equivalent of arguing a jurisdictional defect
in the trial court, this contention (which, if specified in the notice of
appeal, would satisfy condition (A) of rule 25.2(b)(3)), is argued only in the
subsequent appellant=s brief and as
such is not properly before this Court.  See
Tex. R. App. P. 25.2;  White, 61 S.W.3d at 429 (when an appellant
raises a jurisdictional defect on appeal from a bargained plea of guilty or no
contest, rule 25.2(b)(3)(A) states that the notice of appeal must now specify
that the appeal is for that purpose). 
Because appellant=s notice of
appeal does not satisfy rule 25.2(b)(3), his notice fails to confer
jurisdiction on this Court.  Absent
appellate jurisdiction, we can take no action other than to dismiss this
appeal.  See Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).[3]

Furthermore,
even if appellant=s contentions
were properly before this Court, his speedy trial arguments are supported by an Ainvalid@ statute, as article
32A.02 is unconstitutional and cannot provide the basis for any relief.  Harris v. State, 827 S.W.2d 949, 956
(Tex. Crim. App. 1992) (en banc). 
The
Act provides, in part:

Art. 32A.02
Time Limitations

 

Sec. 1.  A court shall grant a motion to set aside an
indictment, information, or complaint if the state is not ready for trial
within:

 

(1) 180 days of
the commencement of a criminal action if the defendant is accused of a felony;
. . .

 

Sec. 4.  In computing the time by which the state must
be ready for trial, the following periods shall be excluded: . . .

 

(9) a period of
delay resulting from detention of the defendant in another jurisdiction, if the
state is aware of the detention and exercises due diligence to obtain his
presence for trial;

 








Tex. Code Crim. Proc. Ann. art. 32A.02 (Vernon 1989).  However, the court of criminal appeals has
stated:

Because we are
not aware of any other constitutional provision expressly granting the
[l]egislature the power to control a prosecutor=s preparation for trial, we must conclude
that the [l]egislature, by providing for such a right in the instant case,
violated the separation of powers doctrine [of the Texas Constitution].  . . . 
Therefore, we hold that Chapter 32A.02, in its entirety, and Article
28.061 . . . are rendered void.

 

Meshell v.
State,
739 S.W.2d 246, 257 (Tex. Crim. App. 1987). 
Appellant contends:  (1) the
indictment should have been set aside because the State was not ready for trial
within 180 days after the indictment, pursuant to article 32A.02;  (2) the State failed to use due diligence to
secure appellant for trial, pursuant to article 32A.02;  (3) he did not knowingly waive his right to
argue article 32A.02;  and (4) trial
counsel=s failure to
argue article 32A.02 rendered counsel ineffective.








In Texas, the right to a
speedy trial is governed by the state and federal constitutions, not article
32A.02.  See U.S. Const. amend. VI;  Tex.
Const. art. I, ' 10;  Harris, 827 S.W.2d at 956;  Moreno v. State, 987 S.W.2d 195, 198
(Tex. App.BCorpus Christi 1999,
pet. ref=d).  Texas courts apply the Barker
balancing test to determine whether a defendant has been denied his state
speedy trial right.  See Moreno,
987 S.W.2d at 198;  see also Barker v.
Wingo, 407 U.S. 514, 529-30 (1972). 
This test uses the following factors to weigh the conduct of the
prosecution and the accused:  (1) the
length of the delay;  (2) the reason for
the delay;  (3) the defendant=s assertion of his
speedy trial right;  and (4) prejudice to
the defendant from the delay.  See
Barker, 407 U.S. at 529-30.  These
factors are Aconsidered together in a
sensitive balancing process.@  Moreno, 987 S.W.2d at 198 (citing Turner
v. State, 545 S.W.2d 133, 139 (Tex. Crim. App. 1976)).  Yet, appellant=s brief fails to address any of these factors, or
raise any claim under either the federal or state constitutional speedy trial
clauses.[4]  Consequently, we could not force appellant=s contentions through
the Barker analysis even if the notice of appeal had conferred
jurisdiction on this Court.  See Tex. R. App. P. 38.1(h) (AThe brief must contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record@).

Accordingly, we
dismiss the appeal for want of jurisdiction. 
See Tex. R. App. P.
43.2(f).

 

 

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

31st day of October, 2002.

 

 

 

 











[1]Tex. Pen. Code Ann. '
31.03(e)(4)(A) (Vernon 1994 & Supp. 2002).





[2]Tex. Pen. Code Ann. '
12.33(a) (Vernon 1994 & Supp. 2002).





[3]Moreover,
appellant=s counsel had
thirteen days to correct the defects and file an amended notice of appeal.  In criminal cases, the defendant=s
notice of appeal must be filed within thirty days after the sentence is
imposed.  Tex. R. App. P. 26.2(a)(1). 
Here, the sentence was imposed on April 30, appellant=s
deficient pro se notice of appeal was filed on May 15, and appellate
counsel was appointed for him on May 17. 
Appellant=s counsel could
have amended the notice of appeal to comply with rule 25.2(b)(3);  instead, the only notice of appeal filed by
appellant is defective as it fails to specify any of the three conditions that
would grant this Court jurisdiction.





[4]In
his first point of error, appellant argues that the indictment should have been
set aside because the State was not ready for trial within 180 days after the
indictment, as is required by article 32A.02, section 1(1).  However, in holding article 32A.02
unconstitutional, the court of criminal appeals in Meshell rejected the
effectiveness of this time limitation.  See
Meshell v. State, 739 S.W.2d 246, 257 (Tex. Crim. App. 1987).

In
his second point of error, appellant argues that the State failed to use due
diligence to secure appellant for trial as set forth in article 32A.02.  However, the Adue
diligence@ referred to in
section 4(9) is in regards to computation of time and not a burden upon the
State.  Tex.
Code Crim. Proc. Ann. art. 32A.02, '
4(9) (Vernon 1989).  Points of error
three and four are similarly without merit due to the Ainvalid@
status of article 32A.02.  Harris v.
State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (en banc).