Taylor-JF v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-104-CR

        JOHN FREDERICK TAYLOR, JR.
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the County Court
Navarro County, Texas
Trial Court # 40110
                                                                                                    

O P I N I O N
                                                                                                    

          John Frederick Taylor was charged with the misdemeanor offense of driving while
intoxicated ("DWI"). Tex. Penal Code Ann. §§ 49.04, 49.09(a) (Vernon 1994 & Supp. 1996).


 
He filed a motion to suppress evidence, which was denied. Although the record reflects that a jury
had been chosen, Taylor chose to enter into a plea-bargain agreement. The court, in accordance
with the terms of the plea agreement, assessed punishment at fifteen days in jail, two years'
probation, and a $700 fine. Taylor appeals on two points, asserting that the court erred in denying
his motion to suppress and in accepting his guilty plea without a written jury waiver. We will
affirm the judgment.
MOTION TO SUPPRESS
          In his first point, Taylor asserts that the court erred in denying his motion to suppress
because the police had no reasonable suspicion to stop and detain him. In a hearing on a motion
to suppress, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the
witnesses as well as the weight to be given to their testimony. Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990). If the court's resolution of a controverted issue is supported by the
record, a reviewing court should not disturb that decision. Muniz v. State, 851 S.W.2d 238, 252
(Tex. Crim. App.), cert. denied, — U.S. —, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).
          Taylor and the State agree that law enforcement officers may stop and briefly detain
persons suspected of criminal activity on less information than required for probable cause to
arrest. Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); Crockett v.
State, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991). An investigatory stop requires only
reasonable suspicion to justify the stop. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581,
1585, 104 L.Ed.2d 1 (1989). To justify an investigative detention, the officer must have specific
articulable facts which, premised upon his experience and personal knowledge, when coupled with
the logical inferences from those facts, would warrant intruding upon the detained citizen's
freedom. Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). The validity of the stop
is determined from the totality of the circumstances. Sokolow, 490 U. S. at 8, 109 S.Ct. at 1585.
          Three Corsicana police officers were involved in Taylor's detention and arrest, and each
testified at the suppression hearing. Todd Morris testified that, on the morning of July 9, 1994,
he was off duty and driving his personal automobile northbound on Interstate 45 south of
Corsicana. According to Morris, a white 1992 Ford pickup truck, also travelling north, swerved
into his lane twice almost striking his vehicle. Morris used his car phone to call the Corsicana
police department.


 He gave the police dispatcher a description of the truck, its license plate
number, and the direction of its travel. 
          Morris followed the truck, trying to maintain visual contact from a safe distance, as it
exited Interstate 45. Morris testified that, as he followed, the truck crossed the center line several
times and almost struck two other vehicles. He stated that the truck reached speeds of seventy
miles per hour in areas where the posted speed limit was forty miles per hour. Morris then used
his phone to contact an on-duty officer, John Semetko, on Semetko's mobile phone. Morris gave
Semetko the description and location of the truck. As Morris followed the truck, he observed
Semetko's police vehicle make a u-turn to follow the truck.
          Semetko testified that in the early morning hours of July 9, he received information over
his police radio requesting an officer to respond to a possible drunk driver. He was informed that
an off-duty officer was following a "white crew cab-type Ford truck" at a high rate of speed, that
the truck was northbound on Business I-45 which turns into South Seventh Street, and that the
truck was weaving. As he proceeded to the Seventh Street location given by the dispatcher,
Semetko observed the truck approaching him. The truck crossed the center line, and Semetko took
evasive action to avoid a collision. He turned his vehicle around and attempted to follow the
truck. 
          Semetko radioed Officer Erickson that he would be unable to catch the truck.


 Semetko
testified that he lost visual contact with the truck, but that the dispatcher was in "constant contact"
with the off-duty officer who was relaying information to Semetko and Erickson on its speed and
direction of travel. Erickson's patrol unit passed Semetko's and eventually stopped the truck. 
When Semetko arrived on the scene, he assisted Erickson in the arrest. 
          Erickson testified that he was on duty and received a call over the police radio regarding
a possible drunk driver at approximately 12:50 a.m. He was informed that an off-duty officer was
following a "white Ford pickup, a larger pickup with a larger cab." He was given the truck's
location. In route, he passed Semetko's vehicle. As Erickson followed the truck, he observed it
swerve within its lane. He caught up with the truck, stopped it, and later arrested Taylor.
          Taylor argues that the stop of his vehicle was unwarranted because, at one time or another,
each officer lost visual contact with his truck


 and none had continuous surveillance. In
determining whether probable cause existed for an arrest or search, the reviewing court examines
the cumulative information known to all of the officers who cooperated in the arrest. Muniz, 851
S.W.2d at 251; Woodward v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1984) (on rehearing),
cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). Likewise, we look at the
cumulative information of the officers and the totality of the circumstances in determining whether
the investigative stop was justified. See Sokolow, 490 U.S. at 8, 109 S.Ct. at 1585. 
          Officer Morris initially saw a truck being driven in an unsafe manner. He followed the
truck and kept in "constant contact" with the police dispatcher. The dispatcher in turn passed the
information to Officers Semetko and Erickson. All three participants personally observed erratic
driving. Looking at the cumulative information of the officers and the totality of the
circumstances, we believe the officers had specific articulable facts that, premised upon their
experience and personal knowledge, when coupled with the logical inferences from those facts,
justified an investigative detention of the person driving the white truck. Id.; Garza, 771 S.W.2d
at 558. That person was Taylor. We overrule point one.
WAIVER OF JURY TRIAL
          In his second point, Taylor asserts that the court erred in accepting his plea without a
written waiver of a jury trial. Tex. Code Crim. Proc. Ann. art. 1.13 (Vernon Supp. 1996). The
State asserts that this issue is not properly before this court, because Taylor entered a guilty plea
and did not obtain the trial court's permission to appeal the issue. 
          The record reflects, and Taylor does not dispute, that a jury was selected to hear his case. 
Taylor's brief states that a jury was empaneled, but after his motion to suppress was denied, he
"decided not to have a jury trial." The docket sheet reflects that Taylor "in open court voluntarily
changed his plea to guilty pursuant to an agreement with the D.A.'s office." Taylor does not
dispute that the court assessed punishment within the range recommended by the State. He filed
a notice of appeal stating his intention to appeal, "among other grounds," the denial of his motion
to suppress. Nothing in the record indicates that Taylor received permission from the trial court
to appeal the jury-waiver question.
historical background
          When the Code of Criminal Procedure was enacted in 1965, article 44.02 provided for a
defendant's right to appeal:
Art. 44.02 Defendant may appeal
A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed.
Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 511. Article 44.08
required a defendant to give notice of appeal "as a condition of perfecting an appeal." Id. at 512-13. The notice of appeal could be given orally or in writing. Id. 
          In 1972, the Court of Criminal Appeals issued Helms v. State, 484 S.W.2d 925, 927 (Tex.
Crim. App. 1972), holding that a plea of guilty—voluntarily and understandingly made—waived
all nonjurisdictional defects. The "Helms" rule also applied to misdemeanors. Utsman v. State,
485 S.W.2d 573, 574-75 (Tex. Crim. App. 1972). 
          In 1977, the legislature added the "proviso" to article 44.02:
A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere before the court
and the court, upon the election of the defendant, assesses punishment and the
punishment does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant and his attorney may prosecute his appeal, he must have
permission of the trial court, except on those matters which have been raised by
written motion filed prior to trial. . . .
Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940 (emphasis added). 
Thus, the legislature abrogated the Helms rule by providing for appellate review after a negotiated
guilty plea in two situations: (1) if the defendant had filed a written pretrial motion or (2) if the
defendant had obtained the trial court's permission to appeal. The proviso sought to "conserve
judicial resources by encouraging guilty pleas in cases where the only contested issue between the
parties is some matter . . . that may be raised by written motion filed prior to trial." Ferguson v.
State, 571 S.W.2d 908, 910 (Tex. Crim. App. [Panel Op.] 1978).


 Article 44.02 applied to
misdemeanors. Isam v. State, 582 S.W.2d 441, 444 (Tex. Crim. App. [Panel Op.] 1979). 
          The requirements of the proviso were jurisdictional. In order to invoke appellate
jurisdiction under the proviso, a defendant wishing to appeal from a negotiated plea had the burden
to show: (1) the existence of a plea-bargain agreement with the State; (2) punishment assessed by
the court within the recommended range; and (3) that the basis of the appellate complaint had been
presented in writing, pretrial, to the trial court or that the trial court had given permission to
pursue the appeal. Galitz v. State, 617 S.W.2d 949, 951-52 (Tex. Crim. App. 1981). "Absent
the showing of all three of these jurisdictional requisites there is no power extant in [the appellate
court] to take cognizance of issues `appealed' by appellants so situated." Id. at 952.
present law
          In 1985, the legislature gave the Court of Criminal Appeals authority to repeal certain
sections of the Code of Criminal Procedure governing "posttrial appellate and review procedure,"
if the Court exercised its right "to promulgate rules of posttrial, appellate, and review procedure
in criminal cases." Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1, 4, 1985 Tex. Gen.
Laws 2472. The rules, however, "may not abridge, enlarge, or modify the substantive rights of
a litigant." Id. The Court of Criminal Appeals, combining article 44.08 (general notice of
appeal)


 and the proviso to article 44.02, enacted Rule 40(b)(1) of the Appellate Rules:
. . . Notice of appeal shall be given in writing filed with the clerk of the trial court. 
Such notice shall be sufficient if it shows the desire of the defendant to appeal from
the judgment or other appealable order; but if the judgment was rendered upon his
plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal
Procedure, and the punishment assessed does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant and his attorney,
in order to prosecute an appeal for a non-jurisdictional defect or error that
occurred prior to entry of the plea the notice shall state that the trial court granted
permission to appeal or shall specify that those matters were raised by written
motion and ruled on before trial. . . .
Tex. R. App. P. 40(b)(1). Because it refers to article 1.15,


 Rule 40(b)(1) only applies to felony
pleas. Id. Thus, a general notice of appeal does not invoke the jurisdiction of an appellate court
after a felony defendant has pled guilty pursuant to a plea agreement. Id.; Lyon v. State, 872
S.W.2d 732, 735-36 (Tex. Crim. App.), cert. denied, — U.S. —, 114 S.Ct. 2684, 129 L.Ed.2d
816 (1994).
misdemeanor pleas
          In Lemmons v. State, 796 S.W.2d 572 (Tex. App.—San Antonio 1990), the defendant pled
guilty to a misdemeanor with the understanding that he could appeal the court's denial of his
motion to suppress. The court of appeals, determining that Rule 40(b)(1) applies only to felony
convictions, resurrected the Helms rule to conclude that a plea of guilty or nolo contendere in a
misdemeanor case waives all nonjurisdictional defects. Id. at 573. 
          The Court of Criminal Appeals reversed the lower court, holding that the repeal of the
proviso to article 44.02 did not revive the Helms rule. Lemmons v. State, 818 S.W.2d 58, 62
(Tex. Crim. App. 1991). Although the Court repealed the proviso when promulgating the
Appellate Rules, it did not repeal the basic right of appeal under article 44.02.


 Id. The Court
stated that, in retaining the general right of appeal, "We acted on the assumption that the body of
caselaw construing the proviso would prevail and still control. So, Rule 40(b)(1) was designed
to focus on `how' an appeal is perfected rather than to bestow any right of appeal, which this
Court lacks power to provide in the first instance." Id. The Court held that the "extra notice"
requirement in Rule 40(b)(1) applies only to felony plea-bargain cases and that Lemmons' general
notice of appeal was sufficient to invoke appellate jurisdiction. Id. at 62-3.
          We can summarize the holding in Lemmons as it pertains to the proviso of 44.02 and the
Appellate Rules. First, in granting the Court of Criminal Appeals power to promulgate the
Appellate Rules, the legislature did not authorize the court to "abridge, enlarge, or modify the
substantive rights of a litigant." Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 1, 1985 Tex.
Gen. Laws 2472; Lemmons, 818 S.W.2d at 62. Second, although the proviso to article 44.02 has
been repealed, the caselaw construing it still controls. Lemmons, 818 S.W.2d at 62. Finally, in
promulgating the Appellate Rules, the Court of Criminal Appeals could not "abridge" any right
of appeal then held by a litigant. Id. Thus, in Lemmons, because the defendant would have been
able to appeal the denial of his motion to suppress if the proviso to article 44.02 were in effect,
the Court refused to interpret Rule 40(b)(1) to deny his right to appeal.
          The effect, it seems to us, is that the proviso is still in effect for misdemeanors. Thus,
Taylor cannot appeal the written jury-waiver question because he did not have permission of the
trial court nor had he raised the matter in a pretrial motion. Galitz, 617 S.W.2d at 956 (appeal
of misdemeanor count under plea bargain). In the absence of the court's permission or a written
pretrial motion, we do not have jurisdiction over the nonjurisdictional question of jury waiver. 
Id. at 951-52. To hold otherwise would enlarge Taylor's right to appeal—an effect not authorized
by the legislature.


 Interpreting the Appellate Rules to allow Taylor to appeal would "bestow [a]
right of appeal" on him that the Court has held it lacks the power to provide. Lemmons, 818
S.W.2d at 62. 
          After reviewing the historical background of the proviso to article 44.02 and the Lemmons
opinion, we conclude that Taylor did not invoke our jurisdiction to determine his jury-waiver
question. Thus, we decline to consider it.
CONCLUSION
          Having overruled the only point properly before the court, we affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed February 14, 1996
Publish