**Michael Charles ANDERSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-95-337-CR.**

Court of Appeals of Texas, Fort Worth.

July 25, 1996.

Publication Ordered Aug. 22, 1996.

Discretionary Review Refused Dec. 4, 1996.

Jack W. Beech, Fort Worth, David K. Chapman, Benbrook, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Assistant Chiefs of Appellate Section, Anne E. Swenson, Carole Kerr, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before RICHARDS, BRIGHAM and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Michael Charles Anderson appeals his conviction for the Class B misdemeanor of driving while intoxicated, enhanced by a prior conviction for the same offense. Anderson announced ready for a bench trial, agreed to a plea bargain, and signed an admonishment form. By signing, Anderson confirmed his understanding that if he pled guilty and the punishment assessed by the Court did not exceed that recommended in the plea agreement, he could not appeal without permission of the trial court. Anderson pled guilty and was found guilty. The court imposed the recommended sentence, including 30 days in jail, a $700 fine, a 2–year driver's license suspension, and the requirement of an interlock device if Anderson obtained an occupational driver's license.

■ Several days later, Anderson filed a motion for new trial on the ground that his plea had been involuntary. The motion was overruled after a hearing. He filed a general notice of appeal and now asserts two points of error: (1) his plea was involuntary and; (2) he was deprived of effective assistance of counsel. We will dismiss because this court has no jurisdiction over Anderson's appeal.

■ In 1977, the legislature amended TEX. CODE CRIM. PROC. ANN. art. 44.02 by adding this proviso:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, *provided, however, before the defendant who has been convicted upon either his plea of guilty* or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney *may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.*

Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940–41 (emphasis added). The requirements applied to misdemeanors then, *Isam v. State*, 582 S.W.2d 441, 444 (Tex.Crim.App. [Panel Op.] 1979), and they still do. *Taylor v. State*, 916 S.W.2d 680, 685 (Tex.App.—Waco 1996, pet. ref'd).

The proviso of TEX. CODE CRIM. PROC. ANN. art. 44.02 was repealed in 1985 when the Court of Criminal Appeals exercised a right given it by the Legislature to repeal certain sections of the Code of Criminal Procedure to facilitate the Court's power to promulgate rules of procedure for criminal appeals. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1, 4, 1985 Tex. Gen. Laws 2472. A restraint imposed on the Court's authority to promulgate rules was that a rule may not "abridge, enlarge, or modify the substantive rights of a litigant." *Id.; see also Lemmons v. State*, 818 S.W.2d 58, 62 (Tex.Crim.App. 1991); *Rhem v. State*, 846 S.W.2d 870, 872–74 (Tex.App.—Houston [1st Dist.] 1992), *aff'd on other grounds*, 873 S.W.2d 383 (Tex.Crim. App.1994). Acting within that authority, the Court of Criminal Appeals adopted TEX. R. APP. P. 40(b)(1), applicable to appeals of felonies, by combining TEX. CODE CRIM. PROC. ANN. art. 44.08 (general notice of appeal) and the TEX. CODE CRIM. PROC. ANN. art. 44.02 proviso. That action by the Court, however, did not repeal the basic right of appeal that already existed in TEX. CODE CRIM. PROC. ANN. art. 44.02 because the right to appeal a criminal conviction is a substantive right solely within the province of the Legislature. *Lyon v. State*, 872 S.W.2d 732, 734 (Tex. Crim.App.1994) (citing *Lemmons*, 818 S.W.2d at 62, which also held that even though the TEX. CODE CRIM. PROC. ANN. art. 44.02 proviso was repealed, the case law construing it still controls).

The proviso's requirements were jurisdictional, meaning that unless a defendant whose case was subject to the proviso could show that: (1) he had a plea bargain with the State; (2) punishment was assessed by the trial court within the recommended range; and (3) that the basis of appeal was presented to the trial court in writing before trial, or that the court had given permission to appeal, then the appellate court would have no jurisdiction to consider the appeal. *Galitz v. State*, 617 S.W.2d 949, 951–52 (Tex.Crim.App. 1981) (op. on reh'g). Because the proviso remains in effect for misdemeanors, Anderson had the burden to show that he had complied with each of its three requirements. *Taylor*, 916 S.W.2d at 685.

■ Like Anderson's case, *Lyon* involved a negotiated guilty plea after which the defendant appealed on various nonjurisdictional grounds, including those that Anderson now asserts: (1) that his guilty plea was coerced and involuntary and; (2) that he received ineffective assistance of counsel in connection with the plea. *Lyon*, 872 S.W.2d at 733. When a defendant has failed to obtain the trial court's permission to appeal nonjurisdictional issues, a court of appeals has no jurisdiction to address them. *Id.*

■ Although a plea that is not voluntarily and knowingly made is a violation of due process, *Price v. State*, 866 S.W.2d 606, 614 (Tex.Crim.App.1993), not every constitutional issue is a jurisdictional claim. *See, e.g., Stine v. State*, 908 S.W.2d 429 (Tex. Crim.App.1995). *Stine* held, despite Judge Meyers' forceful opinion concurring in the result, but not the reasoning, that the question of whether a trial court complied with article V, section 7 of the Texas Constitution, which compels a district court to conduct its proceedings at the county seat of the county in which the case is pending, is a constitutional issue that is jurisdictional and nonwaivable. *Id.* at 429. Because the issues presented by Anderson's case do not challenge the trial court's jurisdiction, we are persuaded that the following principles govern his appeal:

By waiving his right to appeal without the trial court's permission, which he did not secure, appellant waived his claimed deprivation of constitutional guarantees, both under the federal constitution, *Barnes v. Lynaugh*, 817 F.2d 336, 340 (5th Cir.1987), and the state constitution. *Accord Lyon v. State*, 872 S.W.2d at 736 (a defendant is required "to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial"); *Shall-*

*horn v. State*, 732 S.W.2d 636, 638 (Tex. Crim.App.1987) (plea of guilty voluntarily and understandingly made waives all non-jurisdictional defects, including claimed deprivation of state due course of law).

*Godbehere v. State*, 882 S.W.2d 57, 58 (Tex. App.—Amarillo 1994, no pet.).

We also recognize that once Anderson told the trial court that his plea was voluntarily made, he assumed the heavy burden of showing at a subsequent hearing that his plea was not voluntary. *Jones v. State*, 855 S.W.2d 82, 84 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Anderson has furnished no statement of facts from the guilty plea hearing, although he has the burden on appeal to bring us a record that is sufficient for us to determine whether error occurred in the trial court. *See* TEX. R. APP. P. 50(d), 53(d). Other than furnishing us a statement of facts from the hearing in which his motion for new trial was denied, Anderson's appeal is before us only on the transcript that relates to his negotiated plea bargain. *See* TEX. R. APP. P. 53(m). Without a record of all of the plea proceedings, we cannot determine whether Anderson's plea was involuntary and whether the trial court's denial of his motion for new trial was an abuse of discretion. *Wright v. State*, 855 S.W.2d 169, 170 (Tex.App.—Corpus Christi 1993, no pet.).

The appeal is dismissed for want of jurisdiction.