COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-479-CR
NO. 2-02-480-CR

BAQUEE ANTAR SABUR                                                                               
APPELLANT
V.
THE STATE OF TEXAS                                                                                    
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Baquee Antar Sabur is attempting to appeal from his misdemeanor convictions
for burglary of a vehicle and theft. In each case, appellant pleaded guilty
pursuant to a plea bargain agreement, which the trial court followed. Appellant
then filed general notices of appeal. We will dismiss the appeals for want of
jurisdiction.
On January 6, 2003, we sent appellant's counsel a letter directing him to
submit a letter brief identifying the issues or points to be raised on appeal
and explaining why those issues or points warrant continuation of the appeal
despite the potential jurisdictional limitations of the proviso to article 44.02
of the code of criminal procedure.(2) Appellant's
counsel responded, stating that this court lacks jurisdiction over the appeals.
Appellant's counsel did not amend the notice of appeal or indicate a desire to
do so.(3)
The scope of appellant's appeals is restricted by the proviso to article
44.02 of the code of criminal procedure to: (1) issues raised in writing by
pretrial motion; and (2) issues the trial court gave appellant permission to
appeal.(4) These requirements are jurisdictional.(5)
Here, appellant did not receive permission from the trial court to appeal any
issues, and any issues raised in writing by pretrial motion prior to disposition
of the cases are moot.(6) Because appellant filed
only general notices of appeal, did not receive the trial court's permission to
appeal, and did not raise any issues by written pretrial motion except issues
that are now moot, we dismiss the appeals for want of jurisdiction.
                                                                                
PER CURIAM
PANEL D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

[Delivered February 6, 2003]

1. See Tex. R. App. P. 47.4.
2. See Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 1979 & Supp. 2003). Although the proviso has been repealed, the body
of case law construing the proviso still controls. Lemmons v. State,
818 S.W.2d 58, 62 (Tex. Crim. App. 1991).
3. See Tex. R. App. P. 25.2(d); Bayless v.
State, 91 S.W.3d 801, 803 (Tex. Crim. App. 2002).
4. See Lemmons, 818 S.W.2d at 62-63; Russell
v. State, 74 S.W.3d 887, 889-90 (Tex. App.--Waco 2002, pet. ref'd); Anderson
v. State, 930 S.W.2d 179, 180-81 (Tex. App.--Fort Worth 1996, pet. ref'd).
5. Galitz v. State, 617 S.W.2d 949, 951-52 (Tex.
Crim. App. 1981) (op. on reh'g); Anderson, 930 S.W.2d at 181.
6. In docket no. 2-02-479-CR, appellant filed three
motions for continuance, all of which the trial court granted. Thus, the issues
raised in those motions are moot. Likewise, in docket no. 2-02-480-CR, appellant
filed a pretrial petition for writ of habeas corpus, requesting release on
personal bond or the setting of a nominal bond pending the disposition of the
case. Because appellant has pleaded guilty to the charged offense in docket no.
2-02-480-CR, he is no longer subject to pretrial confinement, and his habeas
petition is therefore moot. Martinez v. State, 826 S.W.2d 620, 620
(Tex. Crim. App. 1992); Armendarez v. State, 798 S.W.2d 291, 291 (Tex.
Crim. App. 1990).