Sabur v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-479-CR

NO. 2-02-480-CR

BAQUEE ANTAR SABUR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Baquee Antar Sabur is attempting to appeal from his misdemeanor convictions for burglary of a vehicle and theft.  In each case, appellant pleaded guilty pursuant to a plea bargain agreement, which the trial court followed.  Appellant then filed general notices of appeal.  We will dismiss the appeals for want of jurisdiction.

On January 6, 2003, we sent appellant’s counsel a letter directing him to submit a letter brief identifying the issues or points to be raised on appeal and explaining why those issues or points warrant continuation of the appeal despite the potential jurisdictional limitations of the proviso to article 44.02 of the code of criminal procedure.
(footnote: 2)  Appellant’s counsel responded, stating that this court lacks jurisdiction over the appeals.  Appellant’s counsel did not amend the notice of appeal or indicate a desire to do so.
(footnote: 3)
 T
he scope of appellant’s appeals is restricted by the proviso to article 44.02 of the code of criminal procedure to:  (1) issues raised in writing by pretrial motion; and (2) issues the trial court gave appellant permission to appeal.
(footnote: 4)  These requirements are jurisdictional.
(footnote: 5)  Here, appellant did not receive permission from the trial court to appeal any issues, and any issues raised in writing by pretrial motion prior to disposition of the cases are moot.
(footnote: 6)  Because appellant filed only general notices of appeal, did not receive the trial court’s permission to appeal, and did not raise any issues by written pretrial motion except issues that are now moot, we dismiss the appeals for want of jurisdiction.

PER CURIAM

PANEL D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered February 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann.
 art. 44.02 (Vernon 1979 & Supp. 2003).  Although the proviso has been repealed, the body of case law construing the proviso still controls.  
Lemmons v. State,
 818 S.W.2d 58, 62 (Tex. Crim. App. 1991).

3:
See
 
Tex. R. App. P.
 25.2(d); 
Bayless v. State,
 91 S.W.3d 801, 803 (Tex. Crim. App. 2002).

4:
See Lemmons,
 818 S.W.2d at 62-63; 
Russell v. State,
 74 S.W.3d 887, 889-90 (Tex. App.—Waco 2002, pet. ref’d); 
Anderson v. State,
 930 S.W.2d 179, 180-81 (Tex. App.—Fort Worth 1996, pet. ref’d).

5:
Galitz v. State,
 617 S.W.2d 949, 951-52 (Tex. Crim. App. 1981) (op. on reh’g); 
Anderson,
 930 S.W.2d at 181.

6:
In docket no. 2-02-479-CR, appellant filed three motions for continuance, all of which the trial court granted.  Thus, the issues raised in those motions are moot.  Likewise, in docket no. 2-02-480-CR, appellant filed a pretrial petition for writ of habeas corpus, requesting release on personal bond or the setting of a nominal bond pending the disposition of the case.  Because appellant has pleaded guilty to the charged offense in docket no. 2-02-480-CR, he is no longer subject to pretrial confinement, and his habeas petition is therefore moot.  
Martinez v. State,
 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); 
Armendarez v. State,
 798 S.W.2d 291, 291 (Tex. Crim. App. 1990).