MOORE V. STATE




COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-274-CR
 
ERICA DAWN MOORE           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
      
       STATE
------------
FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Erica Dawn Moore pled guilty to
misdemeanor driving while intoxicated. The trial court found her guilty and
sentenced her to thirty days' confinement and a fine of $600. In one point,
appellant contends that the trial court erred by failing to approve her waiver
of jury trial in accordance with article 1.13(a) of the code of criminal
procedure. Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp. 2003). We
dismiss for want of jurisdiction.
As a threshold matter, the State
challenges our jurisdiction to hear this appeal, contending that: appellant pled
guilty pursuant to a plea bargain; she does not complain about the trial court's
jurisdiction; she is not appealing the trial court's ruling on a pretrial
motion; and she does not have the trial court's permission to appeal. Appellant
contends that she entered an open plea of guilty to the trial court.
Because appellant filed a general notice
of appeal, she is limited in the issues she may raise on appeal if she pled
guilty pursuant to a plea bargain. The 1977 proviso to article 44.02 of the code
of criminal procedure limited the nonjurisdictional issues on which a criminal
defendant could appeal a conviction on a negotiated plea where the trial court
assessed punishment in accordance with the plea bargain to: (1) issues raised in
writing by pretrial motion and (2) issues the trial court gave the appellant
permission to appeal. See Act of May 23, 1977, 65th Leg.,
R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940-41, repealed by, Act
of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1, 4, 1985 Tex. Gen.
Laws 2472, 2472-73; Taylor v. State, 916 S.W.2d 680, 683, 685 (Tex.
App.--Waco 1996, pet. ref'd). Although the court of criminal appeals repealed
the proviso when it exercised the right given it by the legislature to
promulgate rules of procedure in criminal appeals, the case law construing the
proviso still governs convictions on misdemeanor negotiated pleas. Lemmons
v. State, 818 S.W.2d 58, 62-63 (Tex. Crim. App. 1991); Taylor, 916
S.W.2d at 685; see Anderson v. State, 930 S.W.2d 179, 181 (Tex.
App.--Fort Worth 1996, pet. ref'd). The requirements of the proviso are
jurisdictional. Galitz v. State, 617 S.W.2d 949, 951-52 (Tex. Crim.
App. 1981) (op. on reh'g); Anderson, 930 S.W.2d at 181.
Here, the "Waiver of Jury
Trial-Waiver of Ten Days to Prepare for Trial[-]Court's Admonishment-Waiver of
Pre-Sentence Report and Plea Agreement" signed by appellant, appellant's
counsel, and the State on June 14, 2002 states that "[t]he plea
recommendation set forth below is agreed to by the Defendant, his attorney and
the State's attorney, as evidenced by their respective signatures below."
In the bottom half of the document, the boxes for plea recommendation and open
plea to court are both checked. Under the section "Agreed
Recommendation," is a notation of a fine of $600 and thirty days' in jail.
Under the same section, next to the space for "DL SUSP," is the
notation, "open to ct," and a line to the space below with the
notation "state recommends one year DLS." At the end of the page, the
space next to "Plea Bargain Followed" is checked "Yes."
The trial court's judgment states that the
court "adjudged the Defendant guilty as charged . . . and assessed [her]
punishment at a fine of $600.00 and 30 days confinement in the Tarrant County
Jail . . . (according to the terms of the plea bargain)." The judgment does
not suspend appellant's driver's license. Thus, it appears that the part of
appellant's guilty plea that she is appealing--the fine and jail sentence--was
pursuant to a plea bargain.
The validity of a jury waiver is not a
jurisdictional issue. See Taylor, 916 S.W.2d at 685. In addition,
appellant did not raise the issue in a written pretrial motion, and there is no
evidence in the record that the trial court gave appellant its permission to
appeal. Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                       
PER CURIAM
PANEL F: LIVINGSTON, GARDNER, and WALKER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED MARCH 20, 2003]

1. See Tex. R. App. P. 47.4.