MOORE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-274-CR

ERICA DAWN MOORE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Erica Dawn Moore pled guilty to misdemeanor driving while intoxicated.  The trial court found her guilty and sentenced her to thirty days’ confinement and a fine of $600.  In one point, appellant contends that the trial court erred by failing to approve her waiver of jury trial in accordance with article 1.13(a) of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 1.13(a) (Vernon Supp. 2003).  We dismiss for want of jurisdiction. 

As a threshold matter, the State challenges our jurisdiction to hear this appeal, contending that:  appellant pled guilty pursuant to a plea bargain; she does not complain about the trial court’s jurisdiction; she is not appealing the trial court’s ruling on a pretrial motion; and she does not have the trial court’s permission to appeal.  Appellant contends that she entered an open plea of guilty to the trial court.  

Because appellant filed a general notice of appeal, she is limited in the issues she may raise on appeal if she pled guilty pursuant to a plea bargain.  The 1977 proviso to article 44.02 of the code of criminal procedure limited the nonjurisdictional issues on which a criminal defendant could appeal a conviction on a negotiated plea where the trial court assessed punishment in accordance with the plea bargain to:  (1) issues raised in writing by pretrial motion and (2) issues the trial court gave the appellant permission to appeal. 
 
See
 Act of May 23, 1977, 65
th
 Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940-41, 
repealed by,
 Act of May 27, 1985, 69
th
 Leg., R.S., ch. 685, §§ 1, 4, 1985 Tex. Gen. Laws 2472, 2472-73; 
Taylor v. State
, 916 S.W.2d 680, 683, 685 (Tex. App.—Waco 1996, pet. ref’d).  Although the court of criminal appeals repealed the proviso when it exercised the right given it by the legislature to promulgate rules of procedure in criminal appeals, the case law construing the proviso still governs convictions on misdemeanor negotiated pleas.  
Lemmons v. State
, 818 S.W.2d 58, 62-63 (Tex. Crim. App. 1991); 
Taylor
, 916 S.W.2d at 685; 
see Anderson v. State, 
930 S.W.2d 179, 181 (Tex. App.—Fort Worth 1996, pet. ref’d).  The requirements of the proviso are jurisdictional.  
Galitz v. State
, 617 S.W.2d 949, 951-52 (Tex. Crim. App. 1981) (op. on reh’g); 
Anderson, 
930 S.W.2d at 181.

Here, the “Waiver of Jury Trial-Waiver of Ten Days to Prepare for Trial[-]Court’s Admonishment-Waiver of Pre-Sentence Report and Plea Agreement” signed by appellant, appellant’s counsel, and the State on June 14, 2002 states that “[t]he plea recommendation set forth below is agreed to by the Defendant, his attorney and the State’s attorney, as evidenced by their respective signatures below.”  In the bottom half of the document, the boxes for plea recommendation and open plea to court are both checked.  Under the section “Agreed Recommendation,” is a notation of a fine of $600 and thirty days’ in jail.  Under the same section, next to the space for “DL SUSP,” is the notation, “open to ct,” and a line to the space below with the notation “state recommends one year DLS.”  At the end of the page, the space next to “Plea Bargain Followed” is checked “Yes.” 

The trial court’s judgment states that the court “adjudged the Defendant guilty as charged . . . and assessed [her] punishment at a fine of $600.00 and 30 days confinement in the Tarrant County Jail . . . (according to the terms of the plea bargain).”  The judgment does not suspend appellant’s driver’s license.  Thus, it appears that the part of appellant’s guilty plea that she is appealing—the fine and jail sentence—was pursuant to a plea bargain.

The validity of a jury waiver is not a jurisdictional issue.  
See Taylor
, 916 S.W.2d at 685.  In addition, appellant did not raise the issue in a written pretrial motion, and there is no evidence in the record that the trial court gave appellant its permission to appeal.  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED MARCH 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.