COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ALBERTO LARA, | | No. 08-07-00350-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Criminal Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20050C10835) |
| | § | |

## **O P I N I O N**

Alberto Lara appeals his conviction of driving while intoxicated, second offense. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. The trial court, in accordance with the plea bargain, assessed punishment at confinement for one year, but suspended imposition of the sentence and placed Appellant on community supervision for eighteen months. The court also assessed a fine of $1,000, $500 of which was probated. We affirm.

## **FACTUAL SUMMARY**

While on patrol on or July 3, 2005, at approximately 12:22 a.m, Officer Luis Acosta of the El Paso Police Department observed a pickup truck swerving in and out of its lane of travel on East Paisano Street. Acosta and the truck stopped at a red light. Both then headed eastbound where Acosta continued to observe the truck weaving from the right lane to the middle lane. Acosta activated his emergency lights. The truck made a right turn and then hit a curb while pulling over. As Acosta approached the truck, he smelled alcohol emanating from Appellant's breath and person. Acosta administered a field sobriety test and determined that Appellant was intoxicated. There is no video surveillance of this incident.

Appellant was charged with driving while intoxicated, second offense, by not having the normal use of mental and physical faculties by reason of the introduction of alcohol into the body and by having an alcohol concentration of .08 or more. Appellant filed a motion to suppress evidence, claiming Acosta lacked reasonable suspicion and probable cause to believe that Appellant was engaged in criminal activity. At the suppression hearing, Appellant asserted that the State failed to prove there was reasonable suspicion to stop Appellant because the State did not prove that he violated Section 545.060(a) of the Texas Transportation Code.

Acosta testified at the suppression hearing regarding the factors that led him to stop Appellant. Appellant was straddling two lanes of traffic and swerving to the right and middle lane, which was a violation of the law. Acosta also believed that the driver was possibly intoxicated. Appellant was driving at a regular speed. The traffic was moderate, meaning neither extremely heavy nor extremely light, but that there were a few cars on the roadway. Acosta admitted that a person is not always intoxicated when he "straddles" in and out of a lane; he may be talking on a cell phone or not paying attention. But drivers tend to self-correct and drive straight. The trial court denied the motion to suppress. Appellant entered a negotiated guilty plea but preserved his right to appeal matters that were raised by written motion filed and ruled on before trial. The trial court assessed punishment in accordance with the plea bargain. This appeal follows.

## REASONABLE SUSPICION

In his sole point of error, Appellant contends that the State failed to prove that there was reasonable suspicion to stop him because the State did not prove that he violated Section 545.060 of the Texas Transportation Code.

### Standard of Review

We review a trial court's ruling on a motion to suppress using the bifurcated standard of

review articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997). *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); *Krug v. State*, 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, pet. ref'd). Because the trial judge is the sole trier of fact regarding credibility and weight to be given to a witness's testimony, we do not engage in our own factual review of the trial court's decision. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000); *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). We give almost total deference to the trial court's ruling on questions of historical fact and application of law to fact questions that turn on an evaluation of credibility and demeanor. *Montanez v. State*, 195 S.W.3d 101, 106 (Tex.Crim.App. 2006). A trial court's rulings on mixed questions of law and fact that do not turn on the credibility and demeanor of witnesses are reviewed *de novo*. *Id*.

When ruling on a motion to suppress, the trial court is the sole and exclusive trier of fact. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). We review a trial court's decision on a motion to suppress under an abuse of discretion standard. *Gaines v. State*, 99 S.W.3d 660, 665 (Tex.App.--Houston [14th Dist.] 2003, no pet.). Under this standard, we give almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial court's findings are based on an evaluation of credibility and demeanor. *Id*. We will reverse the trial court's decision only when it appears an erroneous legal standard was applied or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex.Crim.App. 1996). As long as the trial court's ruling is within the "zone of reasonable disagreement," we will not intercede. *Id*. at 496. However, we review *de novo* a trial court's determination of reasonable suspicion and probable cause. *Guzman*, 955 S.W.2d at 87.

*Applicable Law*

When a police officer stops a defendant without a warrant and without the defendant's consent, the State has the burden at a suppression hearing of proving reasonableness of the stop. *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks evidence rising to the level of "probable cause." *See Terry v. Ohio*, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The reasonable suspicion determination is based on the totality of the circumstances. *Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). A police officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inference from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Id*. There is no requirement that a particular statute is violated in order to give rise to reasonable suspicion. *See Terry*, 392 U.S. at 22-23, 88 S.Ct. at 1881. When a traffic violation is committed within a police officer's view, the officer may lawfully stop and detain the person for the traffic violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000); *Krug*, 86 S.W.3d at 765; TEX.CODE CRIM.PROC.ANN. art. 14.01(b)(Vernon 2005). No additional probable cause or reasonable suspicion is required. *See Walter*, 28 S.W.3d at 542.

Section 545.060(a) requires an operator on a roadway divided into two or more clearly marked lanes to: (1) drive as nearly as practical entirely within a single lane; and (2) not move from the lane unless that movement can be made safely. TEX.TRANSP.CODE ANN. § 545.060(a)(Vernon 1999). A violation of Section 545.060(a) occurs only when a vehicle fails to stay within its lane and that movement is not safe or is not made safely. *State v. Cerny*, 28 S.W.3d 796, 800 (Tex.App.-- Corpus Christi 2000, no pet.); *Crain v. State*, No. 08-02-00103-CR, 2003 WL 1386942, at *2 (Tex.App.--El Paso Mar. 20, 2003, no pet.)(mem. op. not designated for publication). If the vehicle

only fails to stay within its lane, without that movement being unsafe to one's self or another, no violation exists. *Cerny*, 29 S.W.3d at 800. But mere weaving in one's own lane of traffic can justify an investigatory stop when that weaving is erratic, unsafe, or tends to indicate intoxication or other criminal activity. *State v. Tarvin*, 972 S.W.2d 910, 910-11 (Tex.App.--Waco 1998, pet. ref'd); *Galindo v. State*, No. 08-03-00236-CR, 2004 WL 1903404, at *3 (Tex.App.--El Paso Aug. 26, 2004, no pet.)(mem. op. not designated for publication); *Rodriguez v. State*, No. 08-04-00083-CR, 2005 WL 1315003, at *3 (Tex.App.--El Paso June 2, 2005, no pet.)(not designated for publication).

*Analysis*

Appellant contends that the trial court erred in denying the motion to suppress because no evidence was offered showing Appellant's movement was unsafe or not made safely. In support of his argument, he directs us to *State v. Tarvin* and *State v. Cerny*, 28 S.W.3d 796 (Tex.App.--Corpus Christi 2000, no pet.). The State responds that it was not required to show that Appellant had violated Section 545.060(a) of the Code and maintains that the officer had reasonable suspicion to stop Appellant when his driving led the officer to have articulable reason to suspect that the driver was intoxicated.

Appellate courts have grappled with exactly when "lane weaving" justifies a stop. In *State v. Cerny*, the Corpus Christi Court of Appeals held that a police officer lacked reasonable suspicion to stop the defendant for failure to maintain a single lane of traffic where the defendant was weaving somewhat within his own lane of traffic and he drove on the shoulder, but there was no evidence that his actions were unsafe. 28 S.W.3d at 801. And in *Bass v. State*, the Texarkana Court of Appeals held that a police officer did not have a reasonable suspicion that the defendant violated Section 545.060(a) because the officer testified that the movement of the vehicle did not come close to causing an accident and it was not unsafe in any manner. 64 S.W.3d 646, 651 (Tex.App.--Texarkana

2001, pet. ref'd).

In *Hernandez v. State*, a police officer stopped the defendant after observing him "drift" eighteen to twenty-four inches from the right lane into the adjacent left lane of traffic. 983 S.W.2d 867, 868-69 (Tex.App.--Austin 1998, pet. ref'd). The court rejected the State's argument that the facts available to the officer gave rise to a reasonable suspicion that the defendant had violated section 545.060(a) of the Transportation Code or that the defendant was driving while intoxicated. *Hernandez*, 983 S.W.2d at 870. The court, in considering the totality of the circumstances, simply did not believe the State had carried its burden of proving that Hernandez's conduct was suspicious enough to warrant police intrusion at the time the stop was made. *Id*. The State failed to show that Hernandez's movements were unsafe or dangerous so as to justify an officer's reasonable suspicion that a violation of Section 545.060(a) had occurred. *Id*. at 870-71. The officer admitted that the lane change was the only reason for the stop. There were very few vehicles around, and Hernandez did not cause any problems for any of them. *Id*. at 868. The officer felt that the lane change was unsafe only because he was concerned about the driver's well-being. *Id*. The court also concluded that the officer did not have ample reason to suspect that Hernandez was driving while intoxicated. *Id*. at 870. The officer did not testify that, based on his experience, he subjectively suspected appellant of being intoxicated. *Id*. Nor did he testify that anything about the objective circumstances --time, location, the vehicle's movement--would have led a reasonable officer to suspect the driver of being intoxicated. *Id*.

In *State v. Tarvin*, a police officer stopped the defendant after observing his car drift two or three times to the right side of a two-lane road, causing his tires to go over the solid white line. 972 S.W.2d 910, 910-11 (Tex.App.--Waco 1998, pet. ref'd). Tarvin did not weave out of his own lane of traffic. *Id.*, at 911-12. The officer testified that the only reason for the stop was that the vehicle

crossed over the white line; he never suspected any criminal activity other than weaving out of the lane. *Id*. The court stated that in other cases where a stop was justified in part because of weaving, the activity involved something else, such as entering another lane of traffic, high rates of speed, or erratic speed changes. *Id*., *citing e.g., Held v. State*, 948 S.W.2d 45, 51 (Tex.App.--Houston [14th Dist.] 1997, pet. ref'd); *Taylor v. State*, 916 S.W.2d 680, 681-82 (Tex.App.--Waco 1996, pet. ref'd); *Fox v. State*, 900 S.W.2d 345, 347 (Tex.App.--Fort Worth 1995, pet. dism'd). Tarvin never entered another lane of traffic and was maintaining a safe speed. *Tarvin*, 972 S.W.2d at 912. The court concluded that Tarvin's driving did not provide a reasonable suspicion of criminal activity or support a reasonable belief that Tarvin violated Section 545.060(a). *Id*.

Finally, in *Held v. State*, an officer patrolling north Houston at approximately 1:30 a.m. observed Held's vehicle weaving randomly in and out of three lanes of traffic. 948 S.W.2d at 47. Held asserted that the officer lacked probable cause to pull him over for failing to maintain a single lane of traffic because the officer failed to indicate that he crossed over into other lanes in an unsafe manner. *Id*. at 51. The court did not address whether the officer had probable cause to stop Held, because probable cause is not needed to stop a vehicle for investigatory purposes. *Id*. The court determined that the officer's observation of the driver weaving back and forth across several lanes of traffic was sufficient to give rise to a reasonable suspicion that driver might be intoxicated. *Id*.; *see Townsend v. State*, 813 S.W.2d 181, 185 (Tex.App.--Houston [14th Dist.] 1991, pet. ref'd) (holding Townsend's weaving back and forth across three lanes of traffic at approximately 2 a.m. were sufficient to raise a reasonable suspicion in the mind of a reasonable police officer); *see also Cook v. State*, 63 S.W.3d 924, 928 (Tex.App.--Houston [14th Dist.] 2002, pet. ref'd)(even in the absence of other evidence that driver's actions were unsafe, driver's constant weaving into adjacent lane of traffic was sufficiently unsafe so that the officer was not required to wait until a driver places

himself or others in immediate peril as a result of erratic driving). It was irrelevant whether or not actual weaving was criminal in and of itself. *Held,* 948 S.W.2d at 51. The court held that the specific facts articulated by the officer, taken together with the rational inference from those facts, gave rise to a reasonable suspicion of criminally related activity and thus supported investigatory detention of defendant. *See id.*

Cases such as *Cerny, Bass, Tarvin,* and *Hernandez* are distinguishable from the case at bar because in those cases there was no evidence that the vehicle's movement was unsafe. Here, Acosta witnessed Appellant weaving not only within his own lane but into an adjacent lane, and he did so not once but several times. Acosta testified that Appellant was in the proximity of other cars and driving erratically, which made Appellant's weaving unsafe. We conclude that Acosta had probable cause to believe Appellant had violated Section 545.060(a). His observations were also sufficient to create a reasonable suspicion that Appellant might be driving while intoxicated. While Acosta admitted that a person is not always intoxicated when straddling a lane, he also noted that someone talking on a cell phone or being inattentive will usually self-correct. Appellant never corrected his actions and he continued to weave. Based on the totality of the circumstances, Acosta articulated specific facts which, in light of his experience and personal knowledge, together with inferences from those facts, led him to reasonably conclude that Appellant was engaged in criminal activity and thus the stop was justified. We overrule Appellant's sole point and affirm the judgment of the trial court.

December 22, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)